Robert J. Connelly, Jr. and Patricia Connelly v. Commissioner.
Connelly v. Commissioner
Docket No. 3780-70 SC.
United States Tax Court
T.C. Memo 1971-94; 1971 Tax Ct. Memo LEXIS 241; 30 T.C.M. (CCH) 376; T.C.M. (RIA) 71094; April 29, 1971, Filed Robert J. CONNELLY, Jr., pro se, 164 Cross St., Central Falls, R.I.Alan I. Weinberg, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency in the petitioners' income tax return for the taxable calendar year 1968 in the amount of $282.77. Initially, there were two issues before the Court. The parties have settled one of them so that the only issue remaining is whether an education expense deduction of $900 which was claimed by the petitioners on their federal income tax return is allowable. Findings of Fact Some of the facts have been stipulated and the stipulation together with the attached exhibits are incorporated herein by this reference. Robert J. Connelly, *242 Jr. (hereinafter referred to as petitioner) and Patricia Connelly are husband and wife who resided at 116 Cross Street, Central Falls, Rhode Island, at the time the petition herein was filed. Their joint federal income tax return for 1968 was filed with the District Director of Internal Revenue at Boston, Massachusetts. Patricia is a party to this proceeding only because she joined in the filing of the federal tax return. The petitioner received a Bachelor of Science Degree from Boston University in 377 1963. Beginning sometime in 1966, the petitioner began working for the Allstate Insurance Company as a casualty claims adjuster. He continued in this employment until August 31, 1968, when he left Allstate to go to the Peerless Insurance Company - also as a casualty claims adjuster. As a casualty claims adjuster the petitioner was responsible for the control and disposition of bodily injury insurance cases. Among other duties, this might require the negotiation of settlements with claimants or their counsel, the taking of statements of witnesses, and the securing of police and medical reports. In September of 1965, the petitioner entered the evening school of the Suffolk University *243 Law School located in Boston, Massachusetts. He graduated in June of 1970, after repeating a year, with a Bachelor of Laws Degree. He later passed the Rhode Island bar examination and was admitted to practice law in Rhode Island. In securing a job as a casualty claims adjuster, no one ever indicated to the petitioner that a law degree was a prerequisite, although he was told that knowledge of law was sometimes preferred. About half of the casualty claims adjusters with whom the petitioner worked had law degrees. After finishing law school, the petitioner became executive vice president of the Colgate Adjustment Service Corporation, an independent adjusting firm in the state of Rhode Island. While an attorney did not need a license to adjust insurance claims in Rhode Island, nonattorneys did have to secure a license before they could adjust claims. On their federal income tax return for 1968, the petitioners claimed a $900 deduction for amounts spent for Mr. Connelly's law school education. The respondent disallowed the claim with the explanation that "it was incurred for personal purposes or to fulfill general educational ambitions". Opinion The real issue presented in this case *244 is whether the amount claimed by the petitioners as an educational expense in 1968 may be deducted as a business expense under section 162(a) of the Internal Revenue Code of 1954. [1] That section provides that: "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." The regulations under the section (T.D. 6918, 1967-1 C.B. 36) which were revised in 1967 and made effective for taxable years beginning on or after January 1, 1968, provide, in pertinent part, that: Section 1.162-5 "(b) Nondeductible educational expenditures. (1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. * * * *245 (3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. * * * (ii) The application of this subparagraph to individuals other than teachers may be illustrated by the following examples: Example (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business. Example (2). Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer *246 requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business." 378 The petitioner urges that the Court follow Richard M. Baum, T.C. Memo. 1964-37, P-H T.C. Memo. 64,037. In Baum, this Court held on the facts that an insurance claims adjuster undertook a legal education "in order to maintain and improve the skill required of him as a claims adjuster" and that therefore, the education expenses incurred were deductible under section 162(a). Baum was decided while the old regulations were in effect and while the Court was applying the "primary purpose" standard. Under it if the petitioner could prove that his education was undertaken for the primary purpose of maintaining or improving his job skills, the Court would allow the deduction. See T.D. 6291, filed April 3, 1958. Since the promulgation of the new regulations, cases such as Baum "are not regarded as having *247 value as precedents". See Jeffry L. Weiler, 54 T.C. 398, 402 (1970). Consequently, the petitioners' reliance on Baum is misplaced. Under the new regulations, the subjective standard applied by the "primary purpose" test is supplanted by an objective standard which prohibits the deduction of educational expenses when the education "is part of a program of study * * * which will lead to" (emphasis supplied) qualification in a new trade or business. Carroll v. Commissioner, 51 T.C. 213 (1968), aff'd. 418 F. 2d 91, 24 AFTR 2d 69-5766 (7th Cir., 1969); Stanley Marlin [Dec. 30,015], 54 T.C. 560 (1970); Jeffry L. Weiler, supra. The petitioner contends the new regulations are invalid, noting that they overrule Court precedent and liberalize the deductibility of educational expenses for other professions; namely, Medicine and Education. This Court has already ruled that the arguments raised by the petitioner must be rejected and that the new regulations are valid. Ronald F. Weiszmann, 52 T.C. 1106 (1969), aff'd. per curiam (USCA 9th, 3-29-71), P-H 71-504; Jeffry L. Weiler, supra. In Weiszmann, *248 after citing Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501 (1948), and noting that regulations must be sustained unless they are inconsistent with statutory law or are unreasonable, the Court held that a patent trainee could not deduct educational expenses related to his obtaining a law degree. It found that the petitioner was engaged in a program of study leading to his qualification for a new trade or business. So too, here, the petitioner was engaged in the same kind of study which would allow him to be an attorney - a trade or business different from that of a claims adjuster. Also, in applying the new regulations in Weiszmann, the Court rejected the petitioner's argument that he should be allowed the expenses because even though he was qualified to practice law he had not done so. It pointed out that the regulations do not predicate disallowance of the deduction on the actual practice of a new trade or business, but only on the premise that the education "lead to" the qualification for a new trade or business. The same holding must be applied in the instant case. With regard to the argument that the regulations are invalid because they favor the teaching *249 or medical professions, the record is devoid of any evidence which would allow the Court to pass on the question. Consequently, we must restrict our consideration of the validity of the regulations to the circumstances involving the petitioners now before us. Therefore, we sustain the respondent's determination. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩