PHILIP R. COLLINS and WYNN L. COLLINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collins v. Commissioner
Docket No. 6650-71.
United States Tax Court
T.C. Memo 1973-192; 1973 Tax Ct. Memo LEXIS 93; 32 T.C.M. (CCH) 890; T.C.M. (RIA) 73192; August 29, 1973, Filed Phillip Singer, for the petitioners. Allan D. Hill, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION The Commissioner determined a $465.07 deficiency in petitioners' 1968 income tax. The sole issue is whether petitioners were entitled to an income tax deduction in respect of expenses incurred by petitioner Philip Collins, an Internal Revenue Service agent, in pursuing the study of law. 2 FINDINGS OF FACT The parties have filed a stipulation of facts which, together with an accompanying exhibit, is incorporated herein by this reference. Petitioners are husband and wife. They filed a joint Federal income tax return for the calendar year 1968 with the district director of internal revenue at Los Angeles, California, and resided in Torrance, California, at the time they filed their petition *94 herein. In August of 1959, Philip R. Collins ("petitioner") entered into the employ of the Internal Revenue Service as an office auditor. He was appointed to the position of Internal Revenue agent and assigned to a field audit group in July of 1961. By 1964, he was involved in numerous cases in which taxpayers were represented by attorneys, and he felt "very inadequate" in dealing with "the top law firms and the top attorneys." In September of 1964, he began taking law courses at night at the University of San Fernando Valley College of Law at Sepulveda, California. Petitioner was transferred to the Estate and Gift Tax Section of the Internal Revenue Service in July of 1967. He remained an "agent", but his principal duty became to audit estate tax returns. His night studies at the University of 3 San Fernando Valley College of Law continued until the end of the Spring, 1967 semester. Because of a change of residence, he then transferred to the California College of Law at Los Angeles, where he resumed night-time legal studies in September of 1967, and he continued his study there until graduation in June, 1969. By the end of 1967, petitioner had earned 65 credits in *95 law school, and it was his understanding that he had satisfied all requirements for admission to practice in California apart from passing the bar examination. He sat for that examination, for the first time, on August 27-29, 1968, but did not pass. Petitioner took the examination for a second time on March 4-6, 1969, this time with success. On June 27, 1969, he was admitted to the practice of law in California. Upon graduation from the California College of Law in June of 1969, petitioner resigned his position with the Estate and Gift Tax Section of the Internal Revenue Service and, on July 8, 1969, entered into the employ of a private law firm in Los Angeles. In 1971, after spending time with the law firm and, later, the Los Angeles County Public Defender's Office, he rejoined the Estate and Gift Tax Section of the Internal Revenue Service, where he assumed responsibilities (auditing estate tax returns) identical to those he had previously had and where he is now employed. His duties have 4 never included the representation of the Internal Revenue Service before any court. Although he had been employed at Civil Service grade GS-12 when he left the Service in 1969, he *96 was rehired at the lower grade of GS-11. Estate tax auditors often encountered legal problems - perhaps somewhat more frequently than agents dealing exclusively with income tax matters - in respect of which limited legal training would be useful. In 1967, the Internal Revenue Service had announced that bar review courses were helpful to the work of estate tax examiners, and on May 14, 1969, the Service announced the initiation of a program of reimbursement of one-half the tuition costs (up to $150 per employee) of approved bar review and bar review-related courses taken by certain employees, including estate tax attorneys and examiners. The evidence does not establish, however, that legal training of any sort was required of employees in petitioner's position in 1968, and in 1967 the Service had made it clear that neither a law degree nor admission to a bar was a requirement for promotion. But by 1971, when petitioner rejoined the Service, only persons who were admittted to a bar were hired by the Estate and Gift Tax Section. There is no evidence that a law degree was additionally required of new employees or that those already at work when the new policy was instituted were required *97 to seek admission to a bar. 5 During the January, 1968 night school semester, petitioner completed courses in trusts, income tax theory and legal accounting. He completed courses in evidence and California real property secured transactions during the September, 1968 semester, and courses in remedies and criminal procedure during the January, 1969 semester. Petitioner earned three credits upon completion of each of the foregoing courses. Since his graduation in 1969, he has taken courses covering various fields such as real estate appraisal, art appraisal, California real estate law and general California law. Except that petitioner's overall program of law studies qualified him to receive a degree, the record is silent as to specific courses comprising his curriculum from 1964 through 1967. Petitioner incurred expenses in connection with his 1968 legal training in the amount of $1,966.06, and that amount was claimed as a dzduction for "Education Expense" on petitioners' 1968 joint tax return. The Commissioner disallowed that deduction in full. 6 OPINION RAUM, Judge: This case is governed by such decisions as David N. Bodley, 56 T.C. 1357, 1360-1362; *98 Jeffry L. Weiler, 54 T.C. 398, 401-402; Ronald F. Weiszmann, 52 T.C. 1106, 1110-1112, affirmed per curiam 443 F.2d 29 (C.A. 9); Robert J. Connelly, Jr., 30 T.C.M. 376, 378, affirmed mem. 72-1 U.S.T.C. para. 9188 (C.A. 1); and Melnik v. United States, 73-2 U.S.T.C. para. 9521 (C.D. Cal.), which, in factual situations generally similar to that presented here, found expenses incurred in connection with law school education to be nondeductible under section 1.162-5 of the Income Tax Regulations.[1]8 Those regulations were promulgated in T.D. 6918, 1967-1 C.B. 36, and are applicable to taxable years beginning on or after January 1, 1968. Rev. Rul. 68-191, 1968-1 C.B. 67. *99 It is clear under the foregoing decisions and regulations that expenditures made by an individual taxpayer for education "which is part of a program of study * * * which will lead to qualifying him in a new trade or business" (section 1.162-5(b) (3) of the regulations) are not deductible "even though the education may maintain or improve skills required * * * in his employment" (section 1.162-5(b) (1) of the regulations). The courses taken by petitioner in 1968 were plainly part of the program of studies pursued by him from 1964 through 1969 that led to his attainment of a law degree and admission to the California bar. His training thus qualified him in a calling in which he was not engaged in 1968 but which he in fact practiced during 1969-1971 with a private law firm and the Public Defender's Office. [2]
*100 9 Welsh v. United States, 210 F. Supp. 597 (N.D. Ohio), affirmed per curiam 329 F.2d 145 (C.A. 6); Milton L. Schultz, 23 T.C.M. 1372; and William J. Brennan, 22 T.C.M. 1222, decided under regulations inapplicable to the year here in issue but nontheless relied upon by petitioner, have been held to have no value as precedents in a case arising under the regulations applicable to 1968. Jeffry L. Weiler, supra, 54 T.C. 398, 402. Decision will be entered for the respondent. Footnotes
1. Sec. 1.162-5 Expenses for education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education - (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. (b) Nondeductible educational expenditures - (1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. * * * (3) Qualification for new trade or business. (i) The second category of nondeductibel educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. * * * (ii) The application of this subparagraph to individuals other than teachers may be illustrated by the following examples: Example (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business. Example (2). Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business. ↩
2. We do not consider a possible issue suggested by petitioner as to whether he might be entitled to a deduction in respect of expenses incurred during the latter part of 1968, after the time in August when he became eligible to take the bar examination. That issue was abandoned at trial, and, upon the basis of such abandonment, respondent's counsel refrained from asking any further questions on cross examination relating thereto. ↩