KENNETH G. AND VIRGINIA C. BOUCHARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bouchard v. Commissioner
Docket No. 8337-75.
United States Tax Court
T.C. Memo 1977-273; 1977 Tax Ct. Memo LEXIS 167; 36 T.C.M. (CCH) 1098; T.C.M. (RIA) 770273; August 16, 1977, Filed Kenneth G. Bouchard, pro se. John O. Tannenbaum, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and General Order No. 5 of this Court. [2] The Court agrees with and adopts Special Trial Judge Falk's report which is set forth below. *168 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $1,054.32 in petitioner's 1973 federal income tax. Prior to trial, the parties settled several issues raised by the pleadings. The sole question presented for our decision is whether petitioners are entitled to deduct, under section 162(a), certain education expenses. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners filed their joint 1973 federal income tax return with the Internal Revenue Service Center at Andover, Massachusetts. At the time the petition herein was filed, they resided in Acton, Massachusetts.
Petitioner Kenneth G. Bouchard [3] graduated from Tufts University in 1967 with a bachelor of science degree in mathematics and physics. He received a master's degree in engineering and applied science from Yale University in 1968. Beginning in the fall of 1972, petitioner was a full member of the faculty at Bentley College in Waltham, Massachusetts (hereinafter referred to as Bentley), and taught mathematics. In order to obtain tenure at Bentley, petitioner was required to have a doctoral degree. In the fall *169 of 1973, he enrolled in a full-time program at Boston College School of Law which would lead to a Juris Doctor degree. He testified that he undertook this program to meet Bentley's requirement for tenure and to go from teaching mathematics at Bentley to teaching law at Bentley. Respondent appears to accept this statement of petitioner's intent. Bentley is a four-year institution with a program of studies oriented to the business field. It offers courses in business law, and some of those courses are taught by lawyers. Petitioner remained on the faculty at Bentley full time for the three years during which he pursued his law studies, also full time. In June 1976, he graduated from law school. He passed the New Hampshire bar examination and secured a position in a Manchester, New Hampshire, law firm, which he currently holds. Petitioner was accepted in the L.L.M. program at Harvard University School of Law, but did not enroll there because he wanted practical legal experience. *170 On his 1973 federal income tax return, petitioner deducted his expenses of attending law school in the amount of $2,844 that year. Respondent disallowed the deduction on the grounds that the expenditures were made for education which was part of a program of study being pursued by petitioner which would lead to qualifying him in a new trade or business. OPINION Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Section 1.162-5(a), Income Tax Regs., permits a deduction for expenses incurred for education which either "(1) maintains or improves skills required by the individual in his employment or other trade or business, or (2) meets the express requirements of the individual's employer * * * imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation." Whether education is undertaken to maintain or improve the taxpayer's skills or to meet his or her employer's requirements, the expenses are not deductible, however, if they are incurred for education which is part of a program of study being pursued *171 by the taxpayer which will lead to qualifying him or her in a new trade or business. Sec. 1.162-5(b)(1) and (3), Income Tax Regs.[4]
*172 Petitioner does not deny that the expenses in issue here were incurred for education which was part of a program of study being pursued by him which, objectively, would lead to qualifying him in a new trade or business in the sense that at its conclusion he would be eligible to become a member of the bar. [5] Nor does he challenge the validity of the applicable regulations. [6] Indeed, he bases his entire argument upon the language which relates specifically to teaching and related duties in section 1.162-5(b)(3), Income Tax Regs. He contends that inasmuch as he incurred the expenses in order to go from teaching mathematics at Bentley to teaching law at Bentley, his change of duties should not be considered to constitute a new trade or business. We do not agree. *173 One failing of petitioner's argument is that it neglects to take into account that section 1.162-5(b)(3), Income Tax Regs., neither begins nor ends with the words "all teaching and related duties shall be considered to involve the same general type of work." They are preceded by a statement of principle -- that expenses for education which is part of a program of study being pursued by an individual which will lead to qualifying him or her in a new trade or business are not deductible -- and they are followed by examples by which the Secretary of the Treasury supplies some of the dimensions, color, feel, and smell of the living thought which the regulations are intended to convey. The examples are worded precisely and they are particularly informative. Example (a) is, "Elementary to secondary school classroom teacher." It is not kindergarten teacher to college professor, for example. Example (b) is, "Classroom teacher in one subject (such as mathematics) to classroom teacher in another subject (such as science)." [Emphasis supplied.] It is not classroom teacher in one subject (such as home economics) to classroom teacher in another subject (such as neurosurgery *174 ). Petitioner's argument that in order to find in his favor we need only substitute the word "law" for "science" within the second parentheses of example (b) begs the question. More to the point, we believe, is that petitioner is able to practice law, a profession new to him and for which during the year in question he was engaged in becoming qualified and incurring the expenses here in question in order to do so. We do not believe that in attempting to make clear his position relative to teachers under the regulations the Secretary renounced the general principle as it applies to them. [7]
*175 Petitioner's argument contains another and more basic flaw. He argues, in effect, for application of a subjective test with respect to the deductibility of his law school expenses. He wants their deductibility to turn on his intent; that is, on how he intended to utilize his law education. Under section 1.162-5, Income Tax Regs., as it existed prior to May 1, 1967, a taxpayer's motives for securing an education leading to qualification in a new trade or business were relevant. A taxpayer could deduct such expenses, even if they qualified him or her in a new trade or business, if the taxpayer's primary purpose was to add to his or her equipment in carrying on a preexisting vocation, Greenberg v. Commissioner,367 F.2d 663, 666 (1st Cir. 1966), or to meet requirements imposed as a condition to the retention of his or her salary, status, or employment. See, e.g., Welsh v. United States,329 F.2d 145 (6th Cir. 1964). Petitioner requests that just such a rule be applied in his case and, indeed, many of the cases which he cites in support of his position arose under those old regulations. However, it is precisely that subjective standard which the *176 present regulations were designed to eliminate -- and the cases arising under the old regulations are valueless as precedent here. Weiler v. Commissioner,54 T.C. 398, 402 (1970); Dinsmore v. Commissioner,T.C. Memo. 1977-248; Gates v. Commissioner,T.C. Memo. 1977-236. Looked at objectively, the expenses in issue were incurred by petitioner for education which was part of a program of study being pursued by him which would lead to his becoming a lawyer. The trade or business of lawyer is clearly a new trade or business to him. For the foregoing reasons, we sustain respondent's determination on this issue. See Bodley v. Commissioner,56 T.C. 1357 (1971); Wright v. Commissioner,T.C. Memo. 1973-8. * * *
In accordance with the foregoing, and to reflect the agreement of the parties as to the other issues, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to General Order No. 5, the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and Procedure are not applicable to this case.↩
3. Inasmuch as Virginia C. Bouchard is a party to this proceeding solely because she filed a joint return with her husband, for convenience we will refer to Kenneth G. Bouchard as the petitioner.↩
4. Nondeductible educational expenditures --(1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures, or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. * * *
(3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. The following are examples of changes in duties which do not constitute new trades or businesses. (a) Elementary to secondary school classroom teacher. (b) Classroom teacher in one subject (such as mathematics) to classroom teacher in another subject (such as science). (c) Classroom teacher to guidance counselor. (d) Classroom teacher to principal.↩
5. See, e.g., Grover v. Commissioner, 68 T.C.     (July 26, 1977); Sharon v. Commissioner,66 T.C. 515 (1976n8 , on appeal (9th Cir. Dec. 20, 1976); Feistman v. Commissioner,63 T.C. 129 (1974); O'Donnell v. Commissioner,62 T.C. 781 (1974), affd. without published opinion 519 F. 2d 1406↩ (7th Cir. 1975). 6. The validity of these regulations has been upheld in Melnik v. United States,521 F.2d 1065 (9th Cir. 1975), cert. denied 425 U.S. 911 (1976); Weiszmann v. Commissioner,52 T.C. 1106 (1969), affd. 443 F.2d 29 (9th Cir. 1971) (per curiam); Weiler v. Commissioner,54 T.C. 398 (1970); Bodley v. Commissioner,56 T.C. 1357 (1971); and Taubman v. Commissioner,60 T.C. 814↩ (1973).
7. Sec. 1.162-5(b)(3)(ii), Income Tax Regs., contains examples of the sort of studies which do and do not qualify an individual for a new trade or business. The Secretary has chosen to introduce those examples in the following manner: (ii) The application of this subparagraph [i.e., subparagraph (3) quoted at page 5, footnote 4, above] toindividualsotherthanteachers may be illustrated by the following examples: * * * [Emphasis supplied.] Although neither party has pointed to them in his brief, we have considered the effect to be given to those words underscored above, and conclude that they are merely editorial and not substantive, or operative, words. Subparagraph (ii) immediately follows the examples relating to teachers. None of the individuals referred to in the examples which follow the portion of subparagraph (ii) quoted above is a teacher. It seems logical, then, as an editorial matter, to introduce those latter examples as ones applying "to individuals other than teachers." Furthermore, they are stated to be merely examples illustrative of the principle stated. They demonstrate no intent to modify or overrule the principle. Furthermore, if the regulations were to be construed as establishing different criteria for teachers than for everyone else, we believe that their validity would be questionable, and we do not choose to give them any such import.↩