**GUSTAV A. DANIELSON and MARIA DANIELSON,**
**Petitioners**

v.

**LEROY A. QUINN, Commissioner of Finance of the**
**Government of the Virgin Islands, Respondent**

Civil No. 1977/240

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 2, 1980

GUSTAV A. DANIELSON, ESQ., Charlotte Amalie, St. Thomas, V.I., *for petitioners*

ALAN E. COBB, ESQ., Assistant Attorney General (Department of Law), Charlotte Amalie, St. Thomas, V.I., *for respondent*

YOUNG, *District Judge*

318

## MEMORANDUM OPINION

In this suit, petitioners Gustav A. Danielson and Maria Danielson seek a redetermination of their income tax liability for the years 1972 and 1973. Because Maria Danielson is a party only by virtue of having filed a joint return for those years with her husband, references to Danielson will mean Gustav.

### I.

Danielson has practiced on the island of St. Thomas as a certified public accountant since 1958. Over the years, he has become specialized in the field of taxation and business planning, and by 1971 was a recognized expert in his field.

In 1971 Danielson decided to attend law school at the University of Miami. In June 1971, he was appointed receiver of the Limetree Beach Hotel by the District Court of the Virgin Islands. This receivership was initially expected to last two to three months, but in fact did not end until May of 1973. In September 1971, Danielson commenced law school and attended all fall, spring and summer sessions, commuting to St. Thomas on weekends. He graduated in December of 1973 and was admitted to the Florida Bar in 1974 and the Virgin Islands Bar in 1975.

While attending law school in Miami, Danielson set up an office so that he could continue to advise his Virgin Islands accountant business clients. He also continued a pre-existing relationship with a Miami law firm in which they would cooperate in advising mutual clients. Danielson's duties as receiver of the hotel and his supervision of the St. Thomas accounting office required his presence in St. Thomas on a weekly basis. From September 1971 to December 1973 he usually traveled from Miami to St. Thomas on Friday, and back to Miami on Sunday evening. He worked while on St. Thomas during those times.

After graduating from law school, Danielson continued his taxation and business planning practice, and beginning in March 1975, after admission to the Virgin Islands Bar, he has had a law practice on St. Thomas. In his law practice Danielson accepts only assignments relating to tax and business planning. He has refused to accept court appointment for representation of criminal clients, even to the point of offering his resignation from the Bar.

For the years 1972 and 1973, Danielson claimed as deductions his expenditures for travel between Miami and St. Thomas and for the cost of attending law school. Travel expenses were $12,728.31 in 1972 and $10,744.31 in 1973. Law school expenses were $3,330.05 in

1972 and $3,824.15 in 1973. The amounts of these expenditures are not disputed. The Commissioner of Finance determined that the deductions were not allowable whatsoever. Danielson, maintaining that they should be allowed, brought this action.

## II.

Danielson contends that the deductions should be allowed as ordinary and necessary business expenses pursuant to § 162 of the Internal Revenue Code, which provides in pertinent part as follows:

(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—...

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business;

The Commissioner of Finance disallowed the educational expense deduction and the travel expenses he determined to be related to the educational expenses upon the basis of Regs. § 1.162–5, the relevant provisions of which follow:

§ 1.162–5. Expenses for education.—

(a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—

(1) Maintains or improves skills required by the individual in his employment or other trade or business, or

(2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.

(b) . . .

(3) Qualification for new trade or business.

(i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or

business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. The following are examples of changes in duties which do not constitute new trades or businesses:

(a) Elementary to secondary school classroom teacher.

(b) Classroom teacher in one subject (such as mathematics) to classroom teacher in another subject (such as science).

(c) Classroom teacher to guidance counselor.

(d) Classroom teacher to principal.

(ii) The application of this subparagraph to individuals other than teachers may be illustrated by the following examples:

Example (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business.

(e) Travel away from home. (1) If an individual travels away from home primarily to obtain education the expenses of which are deductible under this section, his expenditures for travel, meals, and lodging while away from home are deductible.

(Hereafter, references to a particular subsection will mean to a part of this regulation.)

■ Danielson attacks subsection (b)(3) of this regulation as being vague and overbroad, contending it set up an artificial objective standard unrelated to the intent of the taxpayer and to the ordinary and necessary character of the educational expenses incurred. Subsection (b)(3) sets the standard that if the education involved "will lead to qualifying him, in a new trade or business", then the expenses for the education are nondeductible. Danielson complains that there is no definition of a trade or business, and no way to say what courses will lead to qualification for a new trade or business. However, Danielson does not argue that an attorney is in the same trade or business as a taxation and business planning advisor. It is

321

quite clear that these are separate trades or businesses, and this Court does not need to determine the parameters that distinguish other trades or businesses from each other.

Danielson next argues that he has not in fact embarked on a new trade or business after attending law school, and that he attended law school solely for the purpose of improving the skills required in his tax and business planning practice. In essence, then, he argues that only the general test of Regs. § 1.162–5(a), whether the education maintains or improves skills required in the taxpayer's business, should apply and that the objective test of subsection (b)(3) obfuscates the relevant question raised by subsection (a). I disagree. The regulations at issue here have been upheld numerous times in the past. See Patrick L. O'Donnell, 62 T.C. 781, 783 (1974); David N. Bodley, 56 T.C. 1357, 1361 (1971); Arthur M. Jungreis, 55 T.C. 581, 588 n.6 (1970); Jeffrey L. Weiler, 54 T.C. 398, 402 (1970); Ronald F. Weiszmann, 52 T.C. 1106, 1111–12 (1969), aff'd per curiam 443 F.2d 29 (9th Cir. 1971). Even assuming that Danielson has not entered a new trade or business after completing law school (a doubtful assumption given the stipulated fact that he has engaged in a law practice in the tax and business field since his graduation), the objective test of qualification for a new trade or business is an entirely reasonable and appropriate application of I.R.C. § 162 under the facts here. If an educational program qualifies a taxpayer to engage in a new trade or business, it is clear that that education goes beyond maintaining or improving skills required in the taxpayer's existing trade or business. Conversely, if the same skills and education are required in two different employments, then each employment involves the same trade or business. Thus, Danielson's legal education is seen to be an inseparable combination of personal and business expenses. Indeed, although his legal education and membership in the Virgin Islands Bar qualified him to represent defendants in criminal cases before the Courts, he has refused to do so. Thus, those skills he acquired in law school which enabled him to engage in the practice of criminal law were not used in his trade or business, but were personal expenses which played no direct role in his business activities. It is true that Danielson mentions numerous courses in the field of taxation which did undoubtedly aid him in his trade or business. He also mentions courses in the areas of Trusts, Estates, Wills, Corporations, Partnerships, and Contracts and contends that these courses aided him in advising clients as to the form of their business dealings and as to the substance of

322

agreements implementing a tax plan. Assuming that Danielson was not engaged in the unauthorized practice of law before attending law school, the skills acquired in these courses plus his admission to the bar opened an entirely new field, that of advising clients as to the substantive provisions of and the effects of those provisions in legal instruments. Even if these courses could fairly be said to maintain or improve skills required by Danielson in his pre-existing trade or business, he has not provided the Court with a complete listing of the courses he took in law school. However, it is generally known that those courses include Torts, Criminal Law, Criminal Procedure, Civil Procedure, and Constitutional Law, all of which touch only remotely at best on the field of business and tax planning. Those courses certainly could not be said to maintain or improve skills required by Danielson in his business. Thus, it is seen that the objective test implemented by subsection (b)(3) of the regulations is an entirely reasonable application of the general test of whether education maintains or improves skills required in a trade or business. The fact that the regulations do not rely on the taxpayer's intent in embarking on a course of education creates no problem in their application. There is nothing to prevent the Commissioner from imposing a condition of reasonableness on the deductibility of a taxpayer's educational pursuits, and this is just what subsection (b)(3) does.

## III.

Danielson next argues that enforcement of subsection (b)(3) results in a denial of his right to equal protection as guaranteed by § 3 of the Revised Organic Act of 1954. He contends that the enforcement of the regulation by the Virgin Islands Government is, under the mirror theory of taxation, an act of that Government which is subject to the strictures of the equal protection clause, unlike taxation by the federal government, which is subject only to the due process clause of the Fifth Amendment. Even assuming, without deciding, that Virgin Islands taxpayers are entitled to greater protection from the taxing power than are taxpayers in the states, it is clear that the regulation does not violate the equal protection clause.

Subsection (b)(3) provides that for an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as the present employment. It goes on to specifically provide that all teaching and related duties shall be considered to involve the same general type of work. Specific

323

examples given include the change from a classroom teacher to principal and from a classroom teacher to guidance counselor. Thus, the regulation creates a presumption that a teacher, principal and guidance counselor are in the same trade or business. By an example, the regulation also presumes that a dentist and a orthodontist are in the same trade or business.

Danielson interprets the regulation as meaning that the educational expense deduction for teachers is not conditioned on whether or not the education will qualify the teacher for a different trade or business. This is contrary to the plain wording of the regulation. If the education qualifies the teacher for a different trade or business, then the education is not deductible. See J. C. Ruddy, Jr., 30 T.C.M. 1355 (CCH, 1971), aff'd 474 F.2d 1342 (4th Cir. 1973). However, if the education qualifies the teacher to be a principal or guidance counselor, then the regulation presumes that there is no new trade or business involved, and hence that the educational expense is deductible.

This leaves only one of Danielson's equal protection arguments. He notes that the tax court has adopted the following test for what constitutes a new trade or business in noneducational occupations: "[I]f substantial differences exist in the tasks and activities of various occupations or employments, then each such occupation or employment constitutes a separate trade or business." Davis v. Commissioner, 65 T.C. 1014 (1976). Danielson contends that the regulatory exemption of teachers, principals and guidance counselors from this test denies him the right to equal protection because such exemption is not rationally related to the purpose of I.R.C. § 162. He includes the affidavits of a school principal and a dentist which recite the differences in tasks and activities of a principal and a teacher and of a dentist and an orthodontist. He does not present any evidence of the education necessary to qualify a teacher as a principal, and the dentist's affidavit specifically notes that he is legally entitled to do any orthodontic services with his DDS degree.

Even assuming that additional education is necessary to make the transition from a teacher to a principal or guidance counselor, there is clearly a rational basis for determining that these are all involved in the same trade or business. Principals and guidance counselors, as a rule, rise through the ranks of teachers. All are involved in the business of education. Although a principal or guidance counselor may require additional education, certainly the primary qualification is exceptional performance as a teacher. The rule adopted by the tax court is not susceptible to application in every imaginable

situation. It merely attempts to clarify the regulation's treatment of an employee's new duties in the same general type of work as being in the same trade or business. The Commissioner recognized the limitations of such a definition and made a specific exception for those involved in the trade or business of education. The Commissioner has apparently determined that the skills necessary for adequate performance of a teacher in administering a classroom are not only a necessary prerequisite for adequate performance as a principal or guidance counselor but are also necessary in all three capacities. Such a determination is entirely consistent with a determination under subsection (a) of the regulations of whether education maintains or improves skills required in the taxpayer's trade or business.

■ On the other hand, members of Danielson's profession, tax and business planners, may have acquired their skills through a legal or accounting education. There is no pattern of progression from one to the other. In addition, since the members of the profession need not be lawyers, it is clear that they do not practice law. The practice of law involves court appearances, drafting of legal documents and giving opinions on the nontax legal effects of documents and transactions. It is clear that the duties of tax and business planner do not involve the same general type of work as the duties of a practicing attorney. Hence, there is a rational relation between the purpose of I.R.C. § 162 and the treatment given to teachers under subsection (b)(3) of the regulation at issue here as compared to the treatment accorded Danielson. For this reason, Danielson's equal protection argument must fail.

IV.

Danielson's last argument is that, if this court determines that his educational expenses and related travel expenses are not deductible, then his travel expenses are nonetheless deductible as ordinary and necessary business expenses incurred as a result of the need to attend to his business on St. Thomas and to his receivership duties at the Limetree Beach Hotel. It should first be noted that I.R.C. § 162 provides for a deduction only of traveling expenses while away from home in the pursuit of a trade or business. Thus, Danielson is in the interesting position of contending that his home is St. Thomas when he seeks reimbursement of his traveling expenses in connection with his legal education, but if that deduction is denied he contends that his home was in Miami during the relevant years in order that he may deduct travel expenses to return to St. Thomas to work each week.

■ It is clear from the facts that Danielson's home was, in fact, in St. Thomas. Indeed, the taxes in dispute here are Virgin Islands taxes. Apparently Danielson retained his St. Thomas residence while he attended law school. Although he had office space in Miami during that time, he did not take in clients in Miami, but rather worked for Virgin Islands clients while in Miami. In addition, the opening of the office in Miami was only incidental to Danielson's attendance of law school. Upon the completion of law school, the office in Miami was relinquished and Danielson himself returned to work full time in the Virgin Islands. Under all the circumstances, Danielson's home was in St. Thomas. Since he incurred his travel expenses for his nondeductible education, or alternatively in the pursuit of his trade or business at home, the travel expenses are not deductible.

For the reasons stated, the Commissioner's determination of Danielson's income tax liability will be upheld.

## ORDER

In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED:

That judgment herein be and is hereby entered in favor of respondent, and the determination by respondent of petitioner's income tax liability for tax years 1972 and 1973 be and is hereby AFFIRMED.