*Decision will be entered under Rule 50.*

Jeffry L. Weiler and Susan K. Weiler, Petitioners *v.* Commissioner of Internal Revenue, Respondent

Docket No. 3511–69.   Filed March 3, 1970.

---

[15] The deductions pertaining to these tanks were $421.87 and $632.80 for 1964 and 1965, respectively.

Jeffry L. Weiler and Susan K. Weiler, pro se.
*John P. Graham*, for the respondent.

## OPINION

We must decide if petitioner is entitled to an education expense deduction for his law school expenses during 1968. Such deduction is governed by section 1.162–5, Income Tax Regs.,[2] which provides in pertinent part as follows:

Sec. 1.162–5. Expenses for education.

(a) *General rule.* Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—

(1) Maintains or improves skills required by the individual in his employment or other trade or business, or

(2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.

(b) *Nondeductible educational expenditures*—(1) *In General.* Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(3) *Qualification for new trade or business.* (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. The following are examples of changes in duties which do not constitute new trades or businesses:

(a) Elementary to secondary school classroom teacher.

---

[2] The choice given as to the applicable regulations in such a matter does not apply here. See *Burke W. Bradley, Jr.*, 54 T.C. 216, and *Ronald F. Weiszmann*, 52 T.C. 1106, 1108.

(b) Classroom teacher in one subject (such as mathematics) to classroom teacher in another subject (such as science).

(c) Classroom teacher to guidance counselor.

(d) Classroom teacher to principal.

(ii) The application of this subparagraph to individuals other than teachers may be illustrated by the following examples:

*Example (1).* A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business.

*Example (2).* Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business.

The regulations establish an objective standard for determining whether an expense for education is deductible. Under that standard the petitioner is not entitled to the deduction since his law school education during 1968 is "part of a program of study * * * which will lead to qualifying him in a new trade or business."

Petitioner is presently a certified public accountant, employed as an internal revenue agent. His course of study at law school leads to qualifying him as a lawyer. Thus the plain language of the regulation seems to deny the petitioner's claimed deduction. However, petitioner argues to the contrary and seizes on the following language of the regulation: "In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment."

Petitioner says that his trade or business is that of a "Federal income tax professional" by virtue of his being a certified public accountant and recognition of him in his community as a "Federal income tax expert." Within the field of tax experts are grouped tax attorneys, tax accountants, and internal revenue agents; therefore, a lateral shift between them does not constitute a new trade or business. Further he says, his legal education is only a form of specialization, a method maintaining or improving his skills, within this broad profession of tax experts and as such, is not a nondeductible expense.

We cannot agree. Regardless of what we consider petitioner's present employment to be (be it accountant, internal revenue agent, or tax expert), petitioner is presently pursuing a course of study qualifying him to be a lawyer, and not simply a tax attorney. The latter is nonetheless a lawyer, who has chosen to specialize his knowledge of the sum total of all legal rules and principles necessary for the solution of

legal problems within a particular field of the law. While it is true, that petitioner may never leave the IRS, or may rejoin a public accounting firm, or even become a tax attorney, he nevertheless is qualifying himself as a lawyer, a trade or business separate and distinct from that in which he is now engaged and his educational expenses are nondeductible. Sec. 1.162–5(b)(3), Income Tax Regs. Furthermore, we think petitioner's situation clearly falls within that area of expenses which "constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business." Sec. 1.162–5(b)(1), Income Tax Regs.

The regulations relied on herein, which are the revised regulations relating to educational expenses issued in 1967, have been explained and approved in *Ronald F. Weiszmann,* 52 T.C. 1106. As noted above, we think the revised regulations set forth an objective standard for the deduction of educational expenses. We have applied that standard and, in doing so, note here that cases involving the deductibility of legal education expenses by revenue agents decided under previous regulations, such as *Welsh* v. *United States,* 329 F. 2d 145; *William J. Brennan,* T.C. Memo. 1963–243, and *Milton L. Schultz,* T.C. Memo. 1964–227, are not regarded as having value as precedents.

*Decision will be entered for the respondent.*