JEFFREY S. AUGEN and BARBARA J. AUGEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Augen v. Commissioner
Docket No. 7530-71.
United States Tax Court
T.C. Memo 1974-231; 1974 Tax Ct. Memo LEXIS 88; 33 T.C.M. (CCH) 1022; T.C.M. (RIA) 74231; September 3, 1974, Filed. *88 The petitioner entered law school in the fall of 1965, the year he graduated from college. The next fall he obtained employment as a claims adjuster for an insurance company, and he continued in that employment during the remainder of his law school career. Immediately following his graduation from law school he quit his job as an insurance adjuster, and thereafter he was admitted to practice law in two states.At the time of trial he was employed by a law firm as a lawyer. Held, the law school expenses incurred by petitioner to attend law school in 1968 are not deductible as ordinary and necessary business expenses under sec. 162(a), I.R.C. 1954. Jeffrey S. Augen, pro se. T. M. Cryan, for the respondent. HOYT
MEMORANDUM FINDINGS OF FACT AND OPINION HOYT, Judge: Respondent determined a deficiency of *89 $221.04 in petitioners' Federal income tax for the year 1968. The sole issue to be decided is whether or not petitioners are entitled to a deduction of $1,185 for educational expenses incurred by petitioner Jeffrey S. Augen in 1968 in attending law school during that year. FINDINGS OF FACT The facts have all been stipulated and are found accordingly; such facts and the joint exhibits attached to the stipulation of the parties are incorporated herein by this reference. Petitioners filed their joint Federal income tax return for 1968 with the office of the Internal Revenue Service in New York City. Their residence at that time and also at the time they filed their petition herein was in New York City. In their joint income tax return for 1968, petitioners claimed itemized deductions totaling $1,932, of which amount $1,185 was claimed as an educational expense "to maintain and improve skills required in my employment." Mr. Augen, sometimes hereinafter referred to as petitioner, graduated from college in June of 1965 and entered law school in September of that year. He continued his law school career throughout 1966, 1967 and 1968, graduating with a JD degree in June of 1969. *90 In September of 1966, a year after petitioner entered law school, he was employed as a claims adjuster by an insurance company investigating, negotiating and settling personal injury claims resulting from automobile accidents. He continued this employment throughout his remaining law school career. The transcript of Mr. Augen's law school record disclosed that he took the usual law school courses during the 1965-1969 period of his enrollment. In 1968, the year at issue, he studied Federal Jurisdiction and Practice, Commercial Transactions, Taxation (Estate and Gift), Evidence and Practice. Subsequent to his graduation from law school in June of 1969, he continued his employment as an insurance adjuster with the same employer for only a short time, until September of that year. Thereafter he was admitted to practice law in both New York and Florida, and at time of trial he was practicing law in Florida, employed by a law firm in that state. OPINION In their petition initiating this action, petitioners allege that respondent erred in his determination of a deficiency for 1968 by disallowing the law school expense deduction claimed. They allege that such expenses were in *91 fact incurred to improve Mr. Augen's skill as an insurance adjuster and the respondent's regulations under section 162 of the Internal Revenue Code of 1954, [1]section 1.162-5(b), Income Tax Regs, are invalid because they amount to arbitrary law making by the Commissioner and violate petitioner's right to due process under the Fifth Amendment to the United States Constitution. The petition avers that the questioned regulation is so discriminatory that it amounts to a denial of due process of law, in that it "discriminates against those individuals who have made [sic] expenses for education which would maintain and improve their present skills but who also happen to qualify for a new trade or business, even though the new trade or business was not engaged in." The petition then goes on to further aver as follows: In other words, the denial of due process comes about when two individuals both have education expenses, both remain in their present trade or business, but one qualifies for a new trade or business as a result of the education received. The *92 Regulations would allow one of those individuals a Section 162 deduction but would deny the Section 162 deduction to the individual who has qualified for a new trade or business. This unequal treatment violates the 5th Amendment of the Constitution of the United States. No evidence as to such a hypothetical situation or how it would be dealt with by the respondent has been presented. Certainly the case before us does not pose the issue raised by the argument made by this petitioner. He did not remain in his occupation as a claims adjuster and we are persuaded that he never intended to do so; he promptly became a member of the bar and began the practice of law when he graduated from law school. Those are the circumstances disclosed by this record, and as the respondent's regulations are applied to them, no discrimination appears nor is an arbitrary result reached. When petitioner graduated from college in June of 1965, he decided to become a lawyer. He embarked on that career when he entered law school that fall. As far as this record shows he was not at that time employed as an insurance claims adjuster, but a year later he obtained employment with a casualty insurance company *93 as an adjuster, investigating, negotiating and settling personal injury claims resulting from automobile accidents. It does not appear that he was called upon to use or possess any legal skills in performing the duties of his employment, and it is certainly clear that being a casualty claims adjuster is not a prerequisite to becoming a lawyer. Petitioner obviously obtained and held his employment during his attendance at law school as an aid and assistance to the pursuit of his legal career and he held it only until he graduated from law school in 1969. There is absolutely nothing in this record to justify even an inference, let alone a conclusion, that petitioner was motivated to obtain a legal education to improve his skills as a claims adjuster or that his expenses for law school courses in 1968 were ordinary and necessary expenses of his claims adjusting employment that year. Expenses for education are deductible under section 162 of the Internal Revenue Code of 1954 only when they are ordinary and necessary expenses of a taxpayer's trade or business. By his regulations the Commissioner has sought to apply this statutory provision so as to distinguish *94 between those educational expenses of a deductible business nature and those which are nondeductible personal or capital expenditures. We think he has done so in a fair and reasonable manner, consistent with the statutory provisions and decided case law. While the petitioners recognize that the challenged regulation has been upheld in prior cases, they urge that we reconsider the matter and argue that when they filed their return they were relying on Richard M. Baum, a Memorandum Opinion of this Court, filed February 18, 1964. The respondent relies on the more recent cases of Robert J. Connelly, Jr. v. Commissioner ( C.A. 1, 1971, 29 A.F.T.R. 2d 72-313, 72-1 U.S.T.C. P 9188), affirming a Memorandum Opinion of this Court, and Ronald F. Weiszmann, 52 T.C. 1106 (1969), affirmed per curiam 443 F.2d 29 (C.A. 9, 1971). In respondent's argument it is contended that the Connelly case controls because it applies the present regulations applicable here whereas the regulations involved in the Baum case were earlier ones replaced by the regulations now before us. The parties agree that present regulations (sec. 1.162-5(b), Income Tax Regs.), are applicable *95 to this case. In Jeffry L Weiler, 54 T.C. 398 (1970), we upheld and approved the new regulations denying expenses of a law school education as a deduction because it qualified an internal revenue agent for a new trade or business. We also held that cases decided before the promulgation of the current regulations in this area are valueless as precedents in cases where the present regulations apply. We see no reason to depart from that view here. The prior regulations differed from those presently in effect by allowing a deduction for educational expenses where the education to be obtained was undertaken "primarily for the purpose of maintaining or improving skills required by the taxpayer in his employment * * *" The new regulations call for the application of an objective test and prohibit the deduction in all cases where the education obtained qualifies a taxpayer for a new trade or business, regardless of his primary motivation in seeking it. Since 1967, educational expenses paid or incurred as part of a program that lead to qualifying an individual in a new trade or business are nondeductible. Sec. 1.162-5(b) (3), Income Tax Regs.; Jeffry L. Weiler, supra. *96 Petitioner's reliance on the Baum case, decided in 1964, is therefore misplaced, and as hereinafter discussed would avail him nothing here. Even if a subjective test of the primary purpose for undertaking the law school education in question were applied, the facts before us are completely distinguishable from those in Baum and we would be compelled to conclude that this petitioner was not primarily motivated by improving his skills as an insurance adjuster. Instead it is obvious that Mr. Augen set out to be a lawyer, and after he had launched himself on that course, he incidentally took a job as an insurance adjuster, no doubt to help himself pursue his legal education. Petitioner's primary argument is that section 1.162-5, Income Tax Regs., is unreasonable and invalid. No briefs were filed in this case, but at trial petitioner suggested that the regulation is invalid because the change from a subjective to an objective standard was arbitrary and that he reasonably relied on the judicial interpretation of the statute under the prior regulations. This argument has no merit. Respondent imposed the regulation in question only prospectively, indeed allowing taxpayers to rely *97 on those regulations most advantageous to them for the years prior to 1968. See Rev. Rul. 68-191, 1968-1 C.B. 67. In Ronald F. Weiszmann, supra, after carefully considering the application of both sets of regulations, we upheld the new regulations applying an objective test as reasonable and a proper interpretation by the Commissioner of the law. We concluded that the regulations were not arbitrary. We reaffirm those views here. In that case the petitioner also claimed that his constitutional rights to equal protection of the law were violated because under the regulations the educational expenses of certain teachers might be deductible whereas his expenses of attending law school during his employment as a patent trainee were not. We declined to pass on the reasonableness of the regulations as applied to teachers in the absence of evidence of record about the respective duties of teachers and school principals, and held that the only appropriate question before us for decision was whether the regulations are reasonable as applied to that petitioner and the facts of that case. On appeal, the Weiszmann case was affirmed by the Ninth Circuit (443 F.2d 29 *98 (C.A. 9, 1971)), and our opinion approved. The Court said: We reject the equal protection argument made here. He cites the deductibility of teachers' college expenses (when required to go to school) when they end up as principals. We think there was a justifiable classification in the instant case. Being a teacher is a sine qua non for a principal's job (unless you own your own school), while having been a patent trainee is not a prerequisite to being a patent attorney. We see no reason to repeat here or discuss further our views and reasoning set forth in Ronald F. Weiszmann, supra, upholding the respondent's regulations in question and denying the educational expense deduction claimed. The respondent's determination in this case was in accord with the law and the regulations and must be sustained. Jeffry L. Weiler, supra.
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated. ↩