GAIL W. SEVIER AND ALVINA R. SEVIER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent VINCENT J. IMBORNONE, JR. AND BARBARA C. IMBORNONE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sevier v. Commissioner
Docket Nos. 2970-76, 2977-76.
United States Tax Court
T.C. Memo 1977-346; 1977 Tax Ct. Memo LEXIS 94; 36 T.C.M. (CCH) 1392; T.C.M. (RIA) 770346; September 29, 1977, Filed Gail W. Sevier and Vincent J. Imbornone, Jr., pro se. Thomas M. Ingoldsby, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined the following deficiencies in petitioners' Federal income tax for 1974: Docket No.
Petitioner
Amount
2970-76
Gail W. Sevier and
$ 79.36
Alvina R. Sevier
2977-76
Vincent J. Imbornone, Jr.
109.07
and Barbara C. Imbornone
These cases were consolidated for purposes of trial, briefing and opinion. The sole issue for decision is whether petitioners may deduct certain expenses incurred by them in taking a review course in preparation for the C.P.A. examination. FINDINGS OF FACT Some of the facts have been stipulated and *95 are so found. Petitioners Gail W. Sevier and Alvina R. Sevier are husband and wife, who, at the time of filing their petition herein, resided in Lakewood, Colorado. Petitioners Vincent J. Imbornone, Jr. and Barbara C. Imbornone are husband and wife and resided in Lakewood, Colorado, at the time of filing their petition herein. Both couples filed joint Federal income tax returns for 1974. Gail W. Sevier (Sevier) received his bachelor of science degree in accounting from Northeast Missouri State College in May 1966. Since that time he has been employed by the Internal Revenue Service as a revenue agent, group manager, manager of several groups, and program manager. In November 1974 Sevier enrolled in the Becker C.P.A. Review Course. The total cost of the course was $564.95, consisting of the following charges: Tuition
$495.00
Enrollment Fee
15.00
Finance Charge
4.00
Books
50.95
In 1974 Sevier paid $317.45 for the course. He successfully completed the May 1975 Certified Public Accountant's Examination and subsequently became a Certified Public Accountant licensed to practice in the State of Colorado. Vincent J. Imbornone, Jr. (Imbornone) received *96 a bachelor of business administration degree from Loyola University of New Orleans, Louisiana, in June 1964 with a major in accounting. In August 1970 he received his master's degree with a major in management from Loyola University of New Orleans. Imbornone worked for Shell Oil Company as an accountant from November 1966 to June 1967. Since then he has been employed by the Internal Revenue Service as a revenue agent, group manager, returns program manager, and chief of the technical branch in Denver, Colorado. In 1973 Imbornone enrolled in the Becker C.P.A. Review Course. The total cost of the course was $586.30, consisting of the following charges: Tuition
$450.00
Registration Fees
26.00
Books
110.30
Of these amounts, Imbornone paid in 1974 a total of $436.30. In May of the same year he passed the Certified Public Accountant's Examination and subsequently was licensed to practice as a Certified Public Accountant in the State of Colorado. In addition to passing a written examination, certain statutory educational and employment requirements must be met before one may become a Certified Public Accountant in Colorado. Status as a C.P.A. is a prerequisite *97 in that State to the certification of corporate financial statements. Both Sevier and Imbornone believed that the review course and the obtainment of a C.P.A. certificate would enhance their ability to work with their fellow employees and with the accountants who had dealings with the Internal Revenue Service. On their 1974 Federal income tax returns, Sevier and Imbornone claimed an educational expense deduction for the cost of the Becker C.P.A. Review Course in the amounts of $317.45 and $436.30, respectively. In the statutory notices issued to Sevier and Imbornone by respondent, the claimed educational expense deduction by each was disallowed. OPINION Petitioners seek to deduct as an ordinary and necessary business expense under section 162(a)[1] certain costs incurred by them in taking a C.P.A. examination review course. This Court has previously held that before the type of expenses herein may be deducted, they must fall within a category of deductible educational expenses provided for *98 in respondent's regulations under section 162(a). Glenn v. Commissioner,62 T.C. 270 (1974). The pertinent regulations generally allow a deduction if the education maintains or improves employment skills. Section 1.162-5(a), Income Tax Regs. However, an exception to this general rule is found in regulation section 1.162-5(b)(3) which provides that if a course of study undertaken by a taxpayer prepares him for a new trade or business then, irrespective of whether it maintains or improves his employment skills, the expenses related thereto are not deductible under section 162(a). Assuming arguendo that this review course enhanced petitioners' employment skills, we nonetheless find that petitioners fall within the "new trade or business" exception to the general rule, and accordingly their expenses are not deductible. More specifically, the attainment by petitioners of their C.P.A. certificates allowed them to hold themselves out as C.P.A.s and practice as such. We frankly are unable to distinguish this case from that of Glenn v. Commissioner, supra, *99 where we also disallowed a deduction for the cost of a C.P.A. review course. Cf. Sharon v. Commissioner,66 T.C. 515 (1976), on appeal (9th Cir., Dec. 20, 1976). In an attempt to circumvent respondent's regulations, petitioners apparently construe the "new trade or business" exception in a subjective manner. They argue that because they have not left, nor do they have any intention of leaving, the Internal Revenue Service to engage in the practice of public accounting it cannot be said that they have acquired any new trade or business. We disagree. The regulations provide an objective test for determining the deductibility of an educational expense. Weiler v. Commissioner,54 T.C. 398 (1970). Under this test, it is immaterial whether the individual actually engages in the new trade or business. Bodley v. Commissioner,56 T.C. 1357 (1971). To reflect the foregoing, Decisions will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩