YVAN ROUSSEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roussel v. Commissioner
Docket No. 162-77.
United States Tax Court
T.C. Memo 1979-125; 1979 Tax Ct. Memo LEXIS 402; 38 T.C.M. (CCH) 565; T.C.M. (RIA) 79125; April 4, 1979, Filed Yvan Roussel, pro se. W. Terrence Mooney, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in the Federal income tax of petitioner and his wife for the taxable year 1974 in the amount of $1,509. Two issues remain for our decision: (1) Whether petitioner and his wife are entitled to a deduction for education expense pursuant to section 162(a), Internal Revenue Code of 1954, [1] for amounts expended for petitioner's flying lessons; and (2) if we find for petitioner on the first issue, whether he and his wife are entitled to deductions for depreciation and professional dues pursuant to section 162(a). *403 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated by this reference. Petitioner Yvan Roussel and his wife filed a joint Federal income tax return for 1974 with the Internal Revenue Service Center, Fresno, California. Petitioner resided in St. Laurent, Quebec, Canada, when he filed his petition in this proceeding. Petitioner, who was a flight engineer by training, was hired by Flight Safety International, Inc. (hereinafter FSI) to train flight engineers and technicians. Petitioner was successful and during 1974 FSI moved him to Long Beach, California, where petitioner was a ground school safety instructor to pilots. Each course of instruction lasted approximately one month, and at the end of each course the class submitted individual criticisms of the course and the instructor. Petitioner received very favorable critiques, except for the recurring complaint that he was unable to teach his subject from a pilot's point of view. After being threatened with dismissal because of this criticism, petitioner began to take flying lessons. During 1974, petitioner expended $6,309 for such lessons and *404 received no reimbursement from his employer. The negative criticism about petitioner's teaching ceased. In December 1975, petitioner received his commercial pilot certificate, with the following ratings and limitations: "airplane, single engine land; private privileges; airplane multiengine land; carrying passengers in airplanes for hire is prohibitied at night and on cross-country flights of more than 50 nautical miles." On the Federal income tax return of petitioner and his wife, they deducted as miscellaneous itemized deductions the following: (1) $6,309 as education expenses; (2) $200 as professional dues; and (3) $107 as depreciation of a camera. Respondent disallowed the miscellaneous itemized deductions in their entirety and recomputed the tax liability for 1974 by using the standard deduction since it exceeded the remaining amount of itemized deductions. ULTIMATE FINDING OF FACT The education undertaken by petitioner in 1974 led to his qualification in a new trade or business, that of commercial pilot. OPINION In this case, petitioner was trained to be a flight engineer and was working as a ground school instructor of pilots. He was successful as a teacher, but *405 he received criticism about his inability to explain his subject from a pilot's point of view. Petitioner's education expenses were incurred by him to eliminate that criticism and to become a better teacher. In the process of improving his teaching skills, petitioner obtained a commercial pilot certificate which allowed petitioner to carry passengers for hire, but not at night or on cross-country flights of more than 50 nautical miles. There is no evidence to indicate that petitioner ever exercised the privileges granted to him under the license, i.e., to carry passengers for hire or otherwise perform as a commercial pilot. Section 162(a) allows taxpayers a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 1.162-5, Income Tax Regs., provides the rule under which education expenses are tested when determining their deductibility. As a general rule, expenses for education are deductible if the education maintains or improves skills required by the taxpayer in his trade or business or if the education is required of the taxpayer as a condition to retaining his job, status or rate of compensation. See sec. 1.162-5(a), Income *406 Tax Regs. Even if education meets the requirements of that general rule, if the education is part of a program of study which will lead to qualifying the taxpayer in a new trade or business, the expenses for the education are not deductible. Sec. 1.162-5(b)(1) and (3), Income Tax Regs. The only inquiry to be made is whether or not the education qualifies the taxpayer for a new trade or business; it is irrelevant whether or not the taxpayer intends to pursue the new trade or business. The standard is objective rather than subjective. Bodley v. Commissioner,56 T.C. 1357 (1971); Weiler v. Commissioner,54 T.C. 398 (1970). [2]
*407 We agree with petitioner's contention that the education he obtained was education that improved his teaching skills. By taking flight lessons, petitioner improved his ability to communicate with his students and to impart his technical knowledge to them. Therefore, his expenses for that education would seem to be deductible. However, the education undertaken by petitioner was a course of study that led to his receipt of a commercial pilot certificate. We must decide whether petitioner qualified himself in another trade or business by receiving his commercial pilot certificate. The commercial pilot certificate held by petitioner entitles him to act as a pilot in command of an aircraft carrying persons or property for compensation or hire and to act as a pilot in command of an aircraft for compensation or hire. 14 C.F.R. 61.139. Since petitioner does not hold an instrument rating (airplane), he is prohibited from exercising his privilege under the commercial pilot certificate with respect to the transportation of passengers for hire in airplanes on cross-country flights of more than 50 nautical miles or at night. 14 C.F.R. 61.129(a). We find that despite *408 this limitation on petitioner's commercial pilot certificate, the certificate evidences petitioner's privilege to engage in the trade or business of being a commercial pilot. We sympathize with petitioner's difficulty in accepting a finding that his commercial pilot certificate qualifies him for the trade or business of being a commercial pilot. We recognize that petitioner does not hold an airline transport pilot certificate, does not have an instrument rating (airplane), has relatively few hours of flight logged, and is a very unlikely candidate to be embarking on a career as a commercial pilot. Petitioner's true expertise is with the technical aspects of aircraft, and it is that expertise which petitioner will continue to market in order to earn his livelihood. The situations in which petitioner could earn a livelihood as a pilot are limited, and it may make no economic sense for him to pursue the career of a commercial pilot. Yet he could take passengers for short joy rides on sunny days and be compensated for that function, which he was not allowed to do prior to his qualification as a commercial pilot. See 14 C.F.R. 61.118. Other examples may be called *409 to mind. [3] Unfortunately for petitioner, his commercial pilot certificate enabled him to earn compensation and engage in a trade or business for which he was unqualified previously. The expenses that were deducted were for education that led to his qualification in that new trade or business. Therefore, even though petitioner may not intend to pursue that trade or business and even though that trade or business may be limited in scope, we must sustain respondent's determination that the expenses for petitioner's education are nondeductible. Sec. 1.162-5 (b)(3), Income Tax Regs.
The deductions in issue here were taken by petitioner and his wife on their Federal income tax return for 1974 as itemized deductions. Since we have disallowed the deduction of $6,309 as education expenses, petitioner and his wife have $1,235 remaining as claimed itemized deductions. However, their tax should not be computed by using their claimed itemized deductions but rather by using the standard deduction, which is more favorable to petitioner and his wife. Decision will be entered for the respondent.
Footnotes
1. All Code section references are to the Internal Revenue Code of 1954 as amended.↩
2. At one time, the standard was subjective and the question was whether the primary purpose of the education was intended to qualify the taxpayer in a new trade or business. See, e.g., Lund v. Commissioner,46 T.C. 321, 331↩ (1966). In 1967, the regulations were changed, the standard became objective, and it no longer mattered why the education was undertaken. The question became simply whether the education led to qualifying the taxpayer in a new trade or business, which is our inquiry in this case.
3. E.g., cropdusting and aerial photography.↩