ALAN K. STAZER and KATALIN V. STAZER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stazer v. Commissioner
Docket No. 2421-79.
United States Tax Court
T.C. Memo 1981-152; 1981 Tax Ct. Memo LEXIS 597; 41 T.C.M. (CCH) 1193; T.C.M. (RIA) 81152; March 30, 1981. *597 (1) During 1975, in order for Ps to be full-time employees, they incurred and paid expenses for the care of their son. Some of such payments were made to W's sister. Held, the payments to W's sister are not deductible child care expenses. Sec. 214(e), I.R.C. 1954. (2) During 1975 and 1976, H was employed as an air pollution analyst. During such period, H attended law school, and his studies helped to improve or maintain his job skills. Ps claimed a deduction for the expenses of H's law studies. Held, H's law studies were part of a program of study which would lead to his qualifying for a new trade or business; therefore, such expenses are nondeductible personal expenditures. Alan K. Stazer, pro se. Arthur A. Oshiro, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes of $ 656.78 for 1975 and $ 546.00 for 1976. The issues for decision are: (1) Whether amounts paid by the petitioners in 1975 to Mrs. Stazer's sister for the care of the petitioners' then 1-year-old son are deductible child care expenses; and (2) whether the petitioners are entitled to a deduction for *598 education expenses incurred by Mr. Stazer in 1975 and 1976. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Alan K. and Katalin V. Stazer, husband and wife, resided in Los Angeles, Calif., at the time they filed their petition in this case. They filed their joint Federal income tax returns for 1975 and 1976 with the Internal Revenue Service Center, Fresno, Calif.
During 1975, the petitioners were both full-time employees. During such year, they incurred and paid $ 1,229 for the care of their then 1-year-old son. Of such amount, $ 1,140 was paid to Mrs. Stazer's sister. On their 1975 return, the petitioners claimed a deduction for child care expenses in the amount of $ 1,229. In his notice of deficiency, the Commissioner disallowed such deduction to the extent of $ 1,140, the amount paid to Mrs. Stazer's sister. During 1975 and 1976, Mr. Stazer was employed as a senior air pollution analyst with the Air Pollution Control District of the County of Los Angeles. Such position required that he analyze Federal and California environmental laws in connection with the review of environmental impact studies. During 1975 and 1976, *599 Mr. Stazer attended the night school division of Southwestern University School of Law (Southwestern). Such school is accredited by the American Bar Association, and its graduates are entitled to take the California Bar examination. To take the law courses related to his employment, Mr. Stazer was required to become a matriculant. He took courses which helped to improve and maintain his skills as an air pollution analyst. Mr. Stazer graduated from Southwestern in 1978. He has taken the California Bar examination four times. At the time of trial, Mr. Stazer was not a member of the California bar and had not been admitted to the practice of law. Since graduating from Southwestern, Mr. Stazer has continued his employment as an air pollution analyst. On their 1975 return, the petitioners claimed an educational expense deduction of $ 1,290. On their 1976 return, they claimed an employee business expense deduction of $ 1,893. Both such deductions were for the expenses incurred by Mr. Stazer in connection with his attendance at Southwestern. In his notice of deficiency, the Commissioner disallowed such deductions because they were not incurred in carrying on a trade or business and *600 were incurred as part of a program of study that would lead Mr. Stazer to being qualified for a new trade or business. OPINION Issue 1. Child Care Expenses
Section 214 [1] *601 of the Internal Revenue Code of 1954, [2] as it was in effect for 1975, allowed a deduction, subject to certain limitations, for child care expenses incurred to enable the taxpayer to be gainfully employed. However, section 214(e)(4) specifically disallowed such a deduction for amounts paid by the taxpayer to an individual bearing a relationship to the taxpayer described in paragraphs (1) through (8) of section 152(a), relating to the definition of a dependent. Section 152(a)(3) defines a dependent as including the sister of the taxpayer, and section 152(a)(8) defines a dependent as including the sister-in-law of the taxpayer. Thus, Mrs. Stazer's sister comes within the relationship described in section 214(e)(4), and accordingly, such provision specifically denies a deduction of the $ 1,140 paid to Mrs. Stazer's sister in 1975. The petitioners do not dispute the meaning of the statute, but they argue that such statute is unfair and an unconstitutional infringement on their freedom of association, and that for such reasons their claimed deduction should be allowed. They also point out that for taxable years beginning after December 31, 1975, the payments to Mrs. Stazer's sister would have been eligible child care expenses. See sec. 44A(f)(6), added by the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1565. Section 214(e)(4) was held constitutional in Bryant v. Commissioner, 72 T.C. 757 (1979). We understand the petitioners' attitude, and we note that the arguments they make parallel Congress' rationale for enacting section 44A(f)(6). See S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 171. However, a taxpayer is entitled only to those deductions specifically allowed by statute, and other deductions cannot be allowed on general equitable principles. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). Although Congress has chosen to liberalize the rule, it made the liberal *602 rule applicable only for later years, and we have no authority to apply the more liberal rule to earlier years. Issue 2. Educational Expenses
Section 162(a) and section 1.162-5, Income Tax Regs., permit a taxpayer to deduct expenses incurred for education which meet certain objective criteria. Under such criteria, the expenses of the education may be deductible if the education maintains or improves skills required by the individual in his employment or if the education meets the express requirements of the individual's employer. Sec. 1.162-5(a), Income Tax Regs. However, even though the education meets either of such conditions, the expenses thereof are not deductible if the education is part of a program of study which will lead to qualifying the taxpayer in a new trade or business. Sec. 1.162-5(b), Income Tax Regs.
Mr. Stazer argues, and the Commissioner concedes, that his law studies helped to improve and maintain his job skills. He also argues that mere attendance at, or even graduation from, an accredited law school does not qualify one to practice law in California, that he never intended to practice law, and that his sole intent in taking law courses was to improve his *603 skills as an air pollution analyst. Therefore, he contends that his educational expenses should be deductible. The Commissioner, on the other hand, argues that Mr. Stazer's attendance at Southwestern was part of a program of study leading to his qualification for a new trade or business and that his intention in pursuing such education is irrelevant. We agree with the Commissioner. Under Section 1.162-5(b)(3), Income Tax Regs., Mr. Stazer's intent in attending Southwestern was irrelevant. See O'Donnell v. Commissioner, 62 T.C. 781, 783 (1974), affd. without pub. opinion 519 F. 2d 1406 (7th Cir. 1975); Bodley v. Commissioner, 56 T.C. 1357, 1361 (1971); Weiler v. Commissioner, 54 T.C. 398, 402 (1970); Weiszmann v. Commissioner, 52 T.C. 1106, 1111-1112 (1969), affd. per curiam 443 F. 2d 29 (9th Cir. 1971). Such regulation has been consistently approved and used by the courts in deciding whether educational expenses are deductible. See Davis v. Commissioner, 65 T.C. 1014, 1017 (1976), and cases cited therein. Also, under such regulation, the program of study need not qualify a taxpayer for a new trade or business--it must only lead to such qualification. Diaz v. Commissioner, 70 T.C. 1067, 1076 (1978), *604 affd. without pub. opinion 607 F. 2d 995 (2d Cir. 1979). [3] Accordingly, we hold that Mr. Stazer's educational expenses are not deductible under section 162, but are nondeductible personal expenditures under section 262. Decision will be entered for the respondent. Footnotes
1. Sec. 214 was repealed by the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1563, effective for taxable years beginning after Dec. 31, 1975. It was replaced by sec. 44A, which provides a credit for certain household and child care expenses. 2. All statutory references are to the Internal Revenue Code of 1954.↩
3. See also sec. 1.162-5(b)(3)(ii) examples 1 and 2, Income Tax. Regs.; Rehe v. Commissioner,T.C. Memo. 1980-316; Dinsmore v. Commissioner, T.C. Memo. 1977-248↩.