RICHARD ERNEST WILMSHURST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilmshurst v. Commissioner
Docket No. 20057-80.
United States Tax Court
T.C. Memo 1982-247; 1982 Tax Ct. Memo LEXIS 503; 43 T.C.M. (CCH) 1307; T.C.M. (RIA) 82247; May 4, 1982. Richard Ernest Wilmshurst, pro se. Theodore Garelis, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *504 OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1976 in the amount of $ 978.03. A concession having been made by respondent, the issue remaining for decision is whether petitioner is entitled to an educational expense deduction in the amount of $ 1,494.31. FINDINGS OF FACT Petitioner was a resident of Angels Camp, California, at the time he filed his petition in this action. Petitioner was graduated from high school in 1954. In 1958, he attended General Motors Management School in Detroit, Michigan. At age 29, he bought out his father's partner's interest in Forty Niner Chevrolet, a Chevrolet dealership. He also became the controlling shareholder in Forty Niner Lease, a company engaged in the rental of Chevrolet automobiles. During 1976, in addition to being the principal stockholder and chief officer of Forty Niner Chevrolet and Forty Niner Lease, petitioner conducted the management, financial and legal affairs of Hurst Investment Company, Miners and Prospectors, Inc. and other business entities. From August, 1974 through May, 1976, petitioner attended night classes at *505 Lincoln University Law School; he attended night classes at Humphreys College of Law from August, 1976 through May, 1978, when he received a Juris Doctor degree. Petitioner attempted to pass the California Bar Examination in the summer of 1978 and the summer of 1980. He intends to take the California Bar Examination again. On his 1976 individual return, petitioner deducted as educational expenses $ 1,494.31 expended by him to attend law school in that year. In his statutory notice, respondent disallowed the claimed expenses on the grounds that they were not incurred to maintain or improve skills required in petitioner's employment and that the education pursued by him was part of a program of study leading to a new trade or business. OPINION Section 162 permits a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. While that section does not explicitly provide for the deduction of educational expenses, section 1.162-5, Income Tax Regs., does allow the deduction of such expenses if they are not incurred as part of a program which will lead to qualifying him in a new trade or business. *506 Section 1.162-5(b)(3), Income Tax Regs.
It is petitioner's position that he is entitled to deduct the educational expenses claimed by him because he intended to use his legal education to protect his various business interests. We have frequently held, however, that "the standards laid down by these regulations are objective ones." Bodley v. Commissioner,56 T.C. 1357, 1360 (1971); Weiler v. Commissioner,54 T.C. 398, 401 (1970). The taxpayer's subjective intent in pursuing the selected program is not dispositive of the issue. It is not necessary nor even relevant that the taxpayer actually embark upon the new trade or business for which the education qualifies him. Roussel v. Commissioner,T.C. Memo. 1979-125. It cannot be denied, nor does petitioner argue contrariwise, that the practice of law is a separate trade or business. "[I]f educational expenses are incurred in connection with qualifying for a new trade or business, the fact that they also serve to maintain and improve skills required in a current trade or business does not save such expenses from characterization as either nondeductible personal expenses, or as *507 a nondeductible aggregate of personal and capital expenditures. Secs. 1.162-5(b)(1) and 1.162-5(c), Income Tax Regs.; * * *". Glenn v. Commissioner,62 T.C. 270, 274 (1974). Because petitioner's legal education ledgs to qualifying him for the new business of practicing law, the expenses incurred in pursuing that program of education are nondeductible. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.