JAMES BURTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burton v. Commissioner
Docket No. 1298-85.
United States Tax Court
T.C. Memo 1986-38; 1986 Tax Ct. Memo LEXIS 572; 51 T.C.M. (CCH) 353; T.C.M. (RIA) 86038; January 28, 1986. James Burton, pro se. Jeffrey A. Hatfield, for the respondent. AARONS
MEMORANDUM FINDINGS OF FACT AND OPINION AARONS, Special Trial Judge: This case was assigned to Special Trial Judge Aarons pursuant to section 7456(d)(3) and Rules 180, 181 and 182 [1]. Respondent determined a deficiency in petitioner's 1982 Federal income *573 tax in the amount of $213. The issues to be decided are: (1) the deductibility under section 162 of petitioner's law school tuition, books and fees, and related transportation expense; (2) the deductibility under section 162 of a subscription to a publication; and (3) the deductibility under section 162 or 170 of dues to a transportation fraternity. FINDINGS OF FACT To the extent stipulated the facts are so found. Petitioner resided in Mission Viejo, California at the time he filed his petition. During 1982 petitioner was employed by American Edwards Laboratories, which is a division of American Hospital Supply Corporation. Petitioner, in 1982 was classified as an Inspector III and in that year was promoted to Assistant Supervisor. His employment was in the critical care apparatus division, which manufactures highly sophisticated electronic devices for diagnostic and other purposes. For a number of reasons, including the fact that petitioner was required to make decisions affecting company liability and reliability of its products, the employer encouraged petitioner to further his higher education. The employer did not, however, require any particular degree as a condition *574 for promotion. The employer implemented this policy by granting a subsidy to petitioner. In 1982 petitioner attended Western State University College of Law as a candidate for a Bachelor of Science in Laws (B.S.L.). Under this program the law credits earned by petitioner could subsequently to applied toward a Juris Doctor (J.D.) degree at Western State. The courses taken by petitioner in 1982 in completion of his B.S.L. requirements were the standard first year law school courses, including Contracts, Torts, Property and Criminal Law. Petitioner in subsequent years entered the J.D. program, and received credit for his 1982 courses. He has attended only night school and therefore is proceeding slowly, but he anticipates receiving a J.D. degree in 1986. Petitioner had not made up his mind in 1982 whether to pursue a law career. The claimed deductions in dispute are set forth in the Stipulation of Facts as follows: Employee Business Expense (Form 2106)
Law School Related Expense (Tuition,
Books Fees)
$5,178.79
Law School Related Expense (Mileage)
-4,110 miles at 20" per mile
822.00
Professional Portfolios
37.78
Transportation Fraternity (Dues/Fees)
168.00
Other
53.43
Total
[2] $6,200.00
*575 (An adjustment in medical expense deduction turns automatically on the disposition of the above disputed items.) Petitioner subscribed to a publication of Professional Portfolios issued by the Bureau of Business Practice, and covering such subjects as human relations, personal advancement, communication, and leadership. He paid $37.78 for such subscription. Petitioner paid dues to Delta Nu Alpha Transportation Fraternity, Inc., in the amount of $168 in 1982. Petitioner conceded that if such dues are deductible at all, it would be under section 170 (charitable contribution) rather than under section 162. The record contains no proof as to the purpose of the "other" expense in the amount of $53.43. There is no dispute between the parties as to substantiation of any of the disputed items. OPINION Petitioner's problem, in attempting to support his law school-related expense deductions, is that he is attempting to apply pre-1967 law (which sanctioned a subjective standard, i.e., intent of the taxpayer *576 in determining the deductibility of education expense). Indeed, the two cases cited to the Court by petitioner, Welsh v. United States,329 F.2d 145 (6th Cir. 1964), and Campbell v. United States,250 F. Supp. 941 (E.D. Pa. 1966), are both pre-1967 decisions. Section 1.162-5(b)(3), Income Tax Regs., as revised in 1967, provides for the disallowance of expenses for education "which is part of a program of study being pursued by [an individual] which will lead to qualifying him in a new trade or business." In Weiler v. Commissioner,54 T.C. 398, 402 (1970), the Court stated as follows with respect to the applicability of these regulations to a factual situation similar to the instant case (i.e., a revenue agent attending law school): The regulations relied on herein, which are the revised regulations relating to educational expenses issued in 1967, have been explained and approved in Ronald F. Weiszmann,52 T.C. 1106. As noted above, we think the revised regulations set forth an objective standard for the deduction of educational expenses. We have applied that standard and, in doing so, note here that cases involving *577 the deductibility of legal education expenses by revenue agents decided under previous regulations, such as Welsh v. United States,329 F.2d 145; William J. Brennan,T.C. Memo. 1963-243, and Milton L. Schultz,T.C. Memo. 1964-227, are not regarded as having value as precedents. The Welsh case, mentioned in the above quotation is one of the two cases cited to the Court by petitioner. The same question (i.e., a school teacher attending law school) was raised in Bodley v. Commissioner,56 T.C. 1357, 1360 (1971), wherein the Court stated pointedly," [t]he standards laid down by these regulations are objective ones." The courses taken by petitioner in 1982 were the classic first year law courses, for which he could receive credit toward a J.D. degree. Under the "objective standard" and as has been held in Weiler,Bodley and many subsequent cases decided by this Court, petitioner's state of mind in 1982 was totally irrevelant. See also Examples (1) and (2), section 1.162-5(b)(3), Income Tax Regs. There cannot be any doubt that petitioner's 1982 courses were objectively part of a program which would *578 qualify petitioner for a new profession. And this is true regardless of the length of time it might take to complete that program, and indeed, regardless of whether in subsequent years such program was in fact completed. Cf. Glenn v. Commissioner,62 T.C. 270, 278 (1974). We sustain respondent's disallowance of all law school related expense deductions, including tuition, books, fees, and mileage. With respect to the subscription to the Professional Portfolios, the Court holds that such subscription was proximately related to petitioner's 1982 employment, and is properly deductible under section 162 as an ordinary and necessary business expense. Such deduction is allowable only as an itemized deduction on Schedule A of the return. As to the Transportation Fraternity dues, petitioner has conceded the nondeductibility under section 162. The incomplete constitution of Delta Nu Alpha Transportation Fraternity, Inc., and the By-laws of the Golden West College Chapter, in evidence herein, are inadequate to prove that the organization was both organized and operated exclusively for charitable (including educational) purposes, as defined in section 170(c). However, *579 the Court stated at the trial that the deduction would be allowed if the fraternity is listed as a tax-exempt organization by the Internal Revenue Service. Delta Nu Alpha Transportation Fraternity, Inc., Golden West College Chapter, was not listed in 1982 as a tax-exempt organization by the Service. Cumulative List of Organizations Described in Section 170(c) of the Internal Revenue Code of 1954, Internal Revenue Service Publication 78 (Rev. 1-31-83).Hence, we sustain respondent's disallowance of this item. We likewise sustain respondent's disallowance of the $53.43 deduction for "Other", in the absence of any proof of the nature of this item. Rule 142(a). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. The Stipulation of Facts shows the incorrect total of $6,200.00. The correct sum of these expenses is $6,260.00. No explanation was given for this discrepancy.↩