GEORGE R. AND CHRISTIE J. GORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gore v. Commissioner
Docket No. 16672-90
United States Tax Court
T.C. Memo 1991-381; 1991 Tax Ct. Memo LEXIS 446; 62 T.C.M. (CCH) 426; T.C.M. (RIA) 91381; August 12, 1991, Filed *446 Decision will be entered for the respondent except with regard to the penalty under section 6673, for which an appropriate order will be issued. George R. Gore, pro se. Bridgette Gibson and Daniel J. Parent, for the respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b)(3). All section references are to the Internal Revenue Code as in effect for the year in issue. In a timely notice of deficiency dated April 23, 1990, respondent determined a $ 1,112 deficiency in petitioners' 1985 Federal income tax. At trial, respondent orally moved for the imposition of a penalty pursuant to section 6673. After concessions by petitioners, the issues for decision are (1) whether petitioners are entitled to deduct $ 2,539 of legal education expenses under section 162, and (2) whether a penalty should be imposed pursuant to section 6673. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in El Dorado Hills, California, when they filed their petition. From 1973 through June of 1985, *447 petitioner husband worked as an auditor for the Defense Contract Auditing Agency (DCAA). In autumn of 1984, petitioner husband began a 4-year night school program at McGeorge Law School (McGeorge) in Sacramento, California. On July 29, 1985, petitioner husband accepted a position at Roebbelen Engineering, Inc. (REI). His annual salary at REI was about 35 percent greater that it was at DCAA. Petitioner husband's maturity and his broad knowledge of business and accounting were the reasons REI hired him. At REI, petitioner husband primarily coordinated preparatory work on a variety of legal matters with REI's outside counsel. Although a legal background proved helpful, it was not required that petitioner husband have a law degree or bar membership to qualify for or retain his job. All of REI's legal representation was, and still is, handled by their outside counsel. Petitioner husband earned his law degree in May of 1988, and was admitted to the California State Bar Association in June of 1989. After being admitted to the bar, petitioner husband received a salary increase from REI. However, his employment duties at REI did not change. The only matters for which petitioner *448 husband represents REI and signs documents of legal significance are within his capacity as a vice president with the company. Petitioner husband does not represent REI in legal matters. On their jointly filed 1985 Federal income tax return, petitioners claimed a $ 4,833 deduction for petitioner husband's legal education expenses. Petitioners conceded that $ 2,294 of this amount is not deductible. However, they contend that the remaining $ 2,539, paid to McGeorge after petitioner husband began working at REI, is deductible under section 162. Petitioners argue that without his legal education petitioner husband would not have received a larger salary at REI than at DCAA. Respondent contends that petitioners are not entitled to deduct any of petitioner husband's legal education costs since such education qualified him for a new trade or business. Respondent's deficiency determination is presumed correct. Petitioners bear the burden of proving otherwise. Rule 142(a), Tax Court Rules of Practice and Procedure.
Section 162(a) allows a deduction for all the "ordinary and necessary" expenses paid or incurred in a trade or business of the taxpayer. Section 1.162-5, Income Tax Regs., *449 sets forth rules for determining when educational expenses may be considered ordinary and necessary expenses incident to any employee's trade or business. Section 1.162-5(b)(3), Income Tax Regs., is dispositive of this case. As relevant, that section provides: Sec. 1.162-5. Expenses for education. * * * (b) Nondeductible educational expenditures * * * * * * (3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * * * * * (ii) The application of this subparagraph to individuals other than teachers may be illustrated by the following examples: Example (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies *450 him for a new trade or business. Example (2). Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business.
The facts in the present case fall squarely within the second example of section 1.162-5(b)(3)(ii), Income Tax Regs., with the exception that REI did not require petitioner husband to obtain a law degree. Petitioner husband generally performed the same duties after earning his degree as he did while he was enrolled in the night program at McGeorge. The fact that REI paid him a larger salary because he was enrolled in law school and subsequently admitted to the State bar is of no significance. As we stated in Bodley v. Commissioner, 56 T.C. 1357, 1361 (1971): Even if an individual taking a course which both qualifies him for a new profession and improves his skills *451 and earning power in his current field of endeavor does not intend to enter the new profession, his purpose and intention may change. He may later decide to enter the new profession.
By attending school and earning a law degree, petitioner husband became entitled to seek admission to the bar and thereby to enter the general practice of law. Petitioner husband simply chose to remain in his nonlegal capacity with REI, at least for the present. Nevertheless, his course of study qualified him for a new trade or business, and, therefore, is not deductible under section 162. See Weiler v. Commissioner, 54 T.C. 398, 402 (1970). We next consider respondent's motion. Section 6673, as amended by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, provides, in pertinent part: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * * the Tax Court, in its decision may require the taxpayer *452 to pay to the United States a penalty not in excess of $ 25,000.
Respondent contends that petitioners' position in this case regarding the deductibility of legal education expenses is frivolous and groundless and that this action was instituted primarily for delay. Based on the entire record of this case, we decline to impose a penalty under the provisions of section 6673. Therefore, respondent's motion will be denied. Decision will be entered for the respondent except with regard to the penalty under section 6673, for which an appropriate order will be issued.