T.C. Memo. 2002-150

UNITED STATES TAX COURT

STEPHEN AND SARA GALLIGAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7094-00.                    Filed June 13, 2002.

Stephen Galligan and Sara Galligan, pro sese.

<u>Blaine C. Holiday</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  Respondent determined deficiencies in petitioners' Federal income tax in the amounts of $2,293 and $1,815 for the taxable years 1996 and 1997, respectively.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In an amended answer, respondent claimed an increased deficiency of $1,344, for a total deficiency of $3,159 for the taxable year 1997.

After a concession by respondent, the sole issue we must decide is whether petitioners are entitled to deduct legal educational expenses incurred by petitioner Sara Galligan in obtaining her law degree.

Some of the facts have been stipulated and are so found. Petitioners resided in Eagan, Minnesota, at the time they filed their petition.

Petitioner Sara Galligan (Mrs. Galligan) has been an academic and court law librarian for 25 years. Mrs. Galligan has held a variety of law librarian positions as a State Court employee for 15 years. She is currently the Dakota County Law Library Manager (Law Library Manager). As the Law Library Manager, Mrs. Galligan's primary duties consist of legal research, overall management and administration of the law library, and support on an on-going basis to attorneys, judges, and other individuals using the Dakota County Law Library. She was president of the Minnesota Association of Law Librarians from 1999 to 2000.

Mrs. Galligan attended William Mitchell Law School from August 1994 through December 1998 and received her law degree. While she attended law school, Mrs. Galligan worked full-time for

the Minnesota State law library. She was admitted to the bar in Minnesota on May 7, 1999.

Although the courses taken to obtain her law degree improved or maintained her skills in her position as a law librarian, Mrs. Galligan's employer did not require her to obtain a law degree or attend law school. The job posting for Mrs. Galligan's position as Law Library Manager only indicated that a "[law degree] or at least two years of professional experience in a law library is strongly preferred."

During 1996 and 1997, petitioners claimed deductions of $13,313 and $14,998, respectively, for Mrs. Galligan's legal educational expenses.

Petitioners argue that they are permitted to deduct the expenses incurred by Mrs. Galligan while attending law school because the legal educational expenses improved and maintained her skills as a law librarian. Respondent contends that petitioners are not entitled to deduct Mrs. Galligan's legal educational expenses because the expenses led to her qualification for a new trade or business.

Because the burden of proof does not affect the result in this case, we find that section 7491 has no bearing on the determination of the legal issues before us.

Section 162 allows a deduction for ordinary and necessary expenses incurred in carrying on a trade or business. Section

1.162-5, Income Tax Regs., sets forth the guidelines for determining those educational expenses incident to a taxpayer's trade or business which are deductible.  Educational expenses may be considered ordinary and necessary business expenses if the education maintains or improves skills required by the taxpayer in his employment or meets the express requirements of an employer imposed as a condition for the taxpayer's continued employment, status, or rate of compensation.  Sec. 1.162-5(a), Income Tax Regs.

Educational expenses, however, are not deductible if they are made by an individual for education which is part of a program of study being pursued by her which will lead to qualifying her in a new trade or business.  Sec. 1.162-5(b)(3)(i), Income Tax Regs.  Such educational expenses are not deductible even though the education may maintain or improve skills required by the individual in her employment.  Sec. 1.162-5(b)(1), Income Tax Regs.  Examples (1) and (2) of section 1.162-5(b)(3)(ii) , Income Tax Regs., illustrate this rule:

> Example (1).  A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree.  The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business.
> Example (2).  Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree.  A

intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business.

The regulations establish an objective standard for determining whether an educational expense is deductible. Bodley v. Commissioner, 56 T.C. 1357, 1360 (1971); Weiler v. Commissioner, 54 T.C. 398, 401 (1970). In Arbaugh v. Commissioner, T.C. Memo. 1992-565, the Court held that, pursuant to the regulations, "law school expenses constitute nondeductible personal expenses regardless of the taxpayer's primary motive in pursuing such studies and regardless of whether such education improves or helps maintain the taxpayer's skills in his business or profession, because the course of study qualifies the taxpayer for a new trade or business." The regulations "do not predicate disallowance of the deduction on the actual practice of the new trade or business." Weiszmann v. Commissioner, 52 T.C. 1106, 1111 (1969), affd. 443 F.2d 29 (9th Cir. 1971). In Weiler this Court held that law school expenses were not deductible by an Internal Revenue agent even though he never intended to practice in the legal profession. The Court held that whether the taxpayer's present employment be considered that of an accountant, internal revenue agent, or tax expert, because the taxpayer was "qualifying himself as a lawyer, a trade or business separate and distinct from that in which he is now engaged", his

educational expenses were nondeductible.  Weiler v. Commissioner, supra at 402.

Petitioners contend that Mrs. Galligan obtained her law degree to maintain and improve her skills as a law librarian. Mrs. Galligan testified that knowledge of the law is both necessary and helpful in her duties as a law librarian. Petitioners also argue that Mrs. Galligan did not practice as an attorney and is, in fact, "not allowed to practice law according to the tenets of [her] profession."

Petitioners rely on Beatty v. Commissioner, T.C. Memo. 1980-196, which we find distinguishable.  In Beatty, the Court held that a taxpayer was allowed to deduct the educational expenses associated with the pursuit of a Masters of Science degree in Administration.  In that case, the Court held that the studies provided the taxpayer with a broad general background in management and business administration, activities which were already components of the taxpayer's work activities.  Id. Unlike the instant case, the Court noted that the taxpayer's education did not qualify him for a new trade or business.  Id.

We do not dispute that Mrs. Galligan was an outstanding law librarian and that the legal education was helpful in her profession as a law librarian.  However, by attending law school and obtaining her law degree, Mrs. Galligan became entitled to seek admission to the bar, as she did, and to enter the general

practice of law if she should choose.  Unlike the taxpayer in Beatty, Mrs. Galligan's pursuit of a law degree qualified her for the practice of law.  Thus, Mrs. Galligan's law school education was part of a program which qualified her for a new trade or business.  Accordingly, we sustain respondent's determination that Mrs. Galligan's legal education expenses are not deductible.

Decision will be entered under Rule 155.